UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| RODNEY STEVEN PERRY, SR., | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 1:17-cv-00216-TWP-DML |
| GREG NOLL PCF Dentist, | ) |  |
| Defendant. | ) |  |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

This matter is before the Court on the Plaintiff Rodney Steven Perry's Motion to Proceed *In Forma Pauperis*. The assessment of even a partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996). . For these reasons, the request to proceed *in forma pauperis* [dkt. 2] is **granted.**

**II.**

Mr. Perry is a prisoner currently incarcerated at Pendleton Correctional Industrial Facility ("Pendleton"). Because he is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Perry are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Mr. Perry alleges that on March 11, 2016, the prison dentist, Defendant Dr. Gregg Noll, extracted his tooth. Prior to the extraction, Dr. Noll administered an anesthetic injection which resulted in dental paresthesia, meaning the needle inserted into Mr. Perry's jaw causing excruciating pain when it damaged the nerve. As a result, Mr. Perry lost feeling in his lip, jaw line and chin.[1] Mr. Perry alleges that Dr. Noll's treatment was negligent and he seeks money damages to compensate him for the injury resulting from this alleged malpractice. Mr. Perry seeks monetary damages.

Applying the foregoing standard to the complaint, it is evident that the complaint fails to state a claim upon which relief can be granted. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). No constitutional violation has been alleged. No Eighth Amendment claim has been alleged because there is no allegation that Dr. Nolls "acted with a

---

[1] For reference, see Garisto, G; Gaffen, A; Lawrence, H; Tenenbaum, H; Haas, D (Jul 2010). "Occurrence of Paresthesia After Dental Local Anesthetic Administration in the United States." The Journal of the American Dental Association. 141 (7): 836–844 (attached to this Entry).

sufficiently culpable state of mind." *Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir. 2002) (citation omitted). Negligence, even gross negligence, is insufficient to establish deliberate indifference under the Eighth Amendment. *See Farmer v. Brennan,* 511 U.S. 825, 835 (1994) ("[D]eliberate indifference describes a state of mind more blameworthy than negligence."); *Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005). A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)).

## III.

Mr. Noll's complaint must be dismissed for the reason set forth above. Nothing in this action prevents Mr. Noll from filing a malpractice action in state court. Mr. Noll shall have **through February 23, 2017,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

Date: 1/24/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Financial Deputy Clerk

RODNEY STEVEN PERRY, SR.
974441
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064