UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RODNEY STEVEN PERRY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:17-cv-00216-TWP-DML |
| ) | |
| GREG NOLL PCF Dentist, ) | |
| ) | |
| Defendant. ) | |

**Entry Screening Amended Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at Pendleton Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.

Given the foregoing, the following claims **shall proceed**:

Like the original complaint, the amended complaint alleges defendant Dr. Noll violated the plaintiff's Eighth Amendment rights through his constitutionally inadequate provision of dental care. This claim shall proceed as submitted.

The amended complaint adds a tort claim against Corizon Health under Indiana Law. The plaintiff alleges that Corizon Health is liable to him for the misconduct of its employee. This claim shall proceed.

Nothing in this Entry, however, prohibits the defendants from filing an appropriate motion to dismiss.

## III.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Corizon Health in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the amended complaint (docket 17), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 3/24/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RODNEY STEVEN PERRY, SR.
DOC # 974441
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant -- Court Only

All Electronically Registered Counsel

Corizon Health
103 Powell Ct.
Brentwood, TN  37027