UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RODNEY STEVEN PERRY, SR., | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:17-cv-00216-TWP-DML |
| GREG NOLL PCF Dentist, CORIZON HEALTH, | ) |
| Defendants. | ) |

**Entry Denying Plaintiff's Motions for Assistance Recruiting Counsel**

This matter is before the Court on the plaintiff's motions for the Court's assistance in recruiting counsel Dkt. 25] and [Dkt. 34], and a motion to show attempt to secure private counsel, [Dkt 26].

Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). The Court does not have enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. For example, during the 12-Month Period Ending September 30, 2016, there were 1,785 civil cases filed pro se compared with 2,348 non-pro se cases in the Southern District of Indiana.[1] As a result, this Court has no choice but to limit appointment of counsel to those cases in which it is clear under the applicable legal test that the plaintiff *must* have the assistance of a lawyer.

"When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or

---

[1] During the 12-Month Period Ending September 30, 2015, there were more civil cases filed pro se (1,463) than non-pro se cases (1,414) in the Southern District of Indiana.

been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir.), *cert. denied*, 114 S. Ct. 438 (1993).

The plaintiff asserts that he has been unsuccessful in recruiting representation on his own. The plaintiff's "Motion to Show Attempt to Secure Private Counsel," [Dkt 26], is **granted** to the extent that Mr. Perry's submission reflects that he has made a reasonable attempt to recruit counsel on his own.

Accordingly, the court proceeds to the second inquiry required in these circumstances. Here, the Court must analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655.

Plaintiff Rodney Steven Perry, Sr., states in his motions and supporting materials that he does not have any difficulty reading and writing English and that he completed the 12th grade. He does not have any physical or mental health issues that affect his ability to litigate this case. Based on his personal abilities, comprehensible filings, use of the Court's processes, and familiarity with the factual circumstances surrounding his legal claims, this Court concludes that plaintiff is competent to litigate on his own.

Based on the foregoing, therefore, the plaintiff's motion for appointment of counsel, dkts [25] and [34], are **DENIED**.

**IT IS SO ORDERED.**

Date: 8/25/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RODNEY STEVEN PERRY, SR.
974441
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel